IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ADVILDA LOUBRIEL,

Plaintiff,

v.                                                          CIVIL 09-1994 (JA)

FONDO DEL SEGURO DEL ESTADO,

Defendant

OPINION AND ORDER

This matter is before the court on motion for summary judgment filed by defendant on January 14, 2011. (Docket No. 32.) The plaintiff filed her response in opposition to the defendant's motion for summary judgment on February 15, 2011. (Docket No. 44.) For the reasons set forth below, the defendant's motion for summary judgment is GRANTED.

I. Factual Background

The plaintiff, a general practitioner, has worked for the defendant since 1995. (Docket No. 43-1, at 1, ¶ 3.) She suffers from a degenerative arthritis condition that requires her to undergo treatment and has a detrimental effect on her day-to-day faculties. (Docket No. 43-1, at 1, ¶ 4.) This disease has also had a negative impact on the plaintiff's health and has resulted in many occasions of missed work in recent years.

CIVIL 09-1994 (JA)                              2

The plaintiff requested an extended leave of absence of 45 days in February 2008. (Docket No. 35, at 1-2, ¶ 2.) The defendant denied this request, citing the continued need for the plaintiff's services. (Docket No. 1, at 3, ¶ 12.) The plaintiff then sought shelter under her union's protection and appealed the defendant's decision. (Docket No. 35, at 2, ¶ 4.) The defendant sustained the denial. (Docket No. 35, at 2, ¶ 4.)

The plaintiff filed a claim with the Puerto Rico Department of Labor and Human Resources on February 11, 2009, requesting the right to sue the defendant. The Department referred the case to the Equal Employment Opportunity Commission ("EEOC") on March 6, 2009. (Docket No. 38-5.) The EEOC issued a "Notice of Right to Sue" on May 8, 2009. (Docket No. 35-10.) The plaintiff alleges in the complaint that she received said notification on September 10, 2008[1]. (Docket No. 1, at 2, ¶ 3.)

The plaintiff filed the instant action on September 29, 2009. (Docket No. 1.) She submits that in denying her requests for a reasonable accommodation under the American Disabilities Act, 42 U.S.C. § 12101 et seq., the defendant is in violation of that statute. (Docket No. 1, at 4-5, ¶¶ 16-20.) Moreover, the plaintiff accuses the defendant of retaliation in relation to her attempting to assert her rights. (Docket No. 1, at 5, ¶¶ 25-26.) Finally, the plaintiff invokes this

---

[1]The complaint contains a definite mistake or two in the last sentence of paragraph 3.

CIVIL 09-1994 (JA)                              3

court's supplemental jurisdiction to bring claims under state law regarding discrimination against disabled persons, P.R. Laws Ann. tit. 1, § 501 et seq. and the general state tort statute, Article 1802, P.R. Laws Ann. tit. 31, § 5141. (Docket No. 1, at 5, ¶¶ 21-22; Docket No. 5, at 5, ¶¶ 23-24.) The defendant filed its answer to the complaint on January 15, 2010. (Docket No. 13.)

The defendant filed the present motion for summary judgment on January 14, 2011. (Docket No. 32.) The defendant alleges that the plaintiff's federal claims should be dismissed because she failed to promptly file her claims after receiving the EEOC's right-to-sue letter. (Docket No. 33, at 4-5.) Moreover, the defendant submits that even if I find that the plaintiff timely filed her complaint, she cannot provide a *prima facie* showing of retaliation under Title VII. (Docket No. 33, at 5-6.) Finally, defendant urges the court to decline exercising jurisdiction as to state claims if the federal claims are dismissed. (Docket No. 33, at 6.)

The plaintiff filed her response on February 15, 2011. (Docket No. 44.) She retorts that the deadline did not lapse, and even if it did, her allegations amount to a "continuous violation," that would continue to the present day, and would thus avoid the 90-day filing requirement. (Docket No. 44, at 6-8.) Finally, even if this issue were to be resolved in the defendant's favor, the plaintiff argues that

CIVIL 09-1994 (JA)                                    4

the doctrine of laches or estoppel should preclude the defendant from requesting summary judgment.  (Docket No. 44, at 8-14.)

## II.  Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a)[2]; Meléndez v. Autogermana, Inc., 622 F.3d 46, 49 (1st Cir. 2010).  The intention of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party, with respect to each issue on which [it] has the burden of proof, to demonstrate that a trier of fact reasonably could find in [its] favor."  Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997)); Cruz-Claudio v. García Trucking Serv., Inc., 639 F. Supp. 2d 198, 203 (D.P.R. 2009.)

---

[2]"Rule 56 was amended, effective December 1, 2010.  The standard for granting summary judgment now appears in subsection (a), but remains substantively the same."  Del Toro Pacheco v. Pereira, --- F.3d ----, 2011 WL 347131, at *3 n.6 (1st Cir. Jan. 31, 2011) (citing Fed. R. Civ. P. 56 advisory committee's note).

CIVIL 09-1994 (JA)                                    5

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); see also Carrol v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002) (quoting J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1251 (1st Cir. 1996)) ("'[N]either conclusory allegations [nor] improbable inferences' are sufficient to defeat summary judgment.")

> An issue is "genuine" if the evidence of record permits a rationale factfinder to resolve it in favor of either party. See Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). A fact is "material" if its existence or nonexistence has the potential to change the outcome of the suit. See Martínez v. Colón, 54 F.3d 980, 984 (1st Cir. 1995).

Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5-6 (1st Cir. 2010).

The nonmoving party must produce "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)); see also López-Carrasquillo v. Rubianes, 230 F.3d 409, 413 (1st Cir. 2000); Amira-Jabbar v. Travel Servs., Inc., 726 F. Supp. 2d 77, 84 (D.P.R. 2010).

Puerto Rico Local Rule 56

CIVIL 09-1994 (JA)                              6

In the District of Puerto Rico, Local Rule 56(b), previously Local Rule 311(12), imposes additional requirements on the party filing for summary judgment as well as the party opposing the motion. A motion for summary judgment has to be accompanied by "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation as required by subsection (e) of this rule." Local Rules of the United States District Court for the District of Puerto Rico, Local Rule 56(b) (2009). When filing a motion in opposition the opposing party must include a separate, short, and concise statement admitting, denying or qualifying each fact set out by the moving party. Local Rules 56(a); see Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000); Domínguez v. Eli Lilly & Co., 958 F. Supp. 721, 727 (D.P.R. 1997); see also Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43 (1st Cir. 2001).

These facts must be supported by specific reference to the record, thereby pointing out to the court any genuine issues of material fact and eliminating the problem of the court having "to ferret through the Record." Domínguez v. Eli Lilly & Co., 958 F. Supp. at 727; see Carmona Ríos v. Aramark Corp., 139 F. Supp. 2d 210, 214-15 (D.P.R. 2001) (quoting Stepanischen v. Merch. Despatch Transp.

CIVIL 09-1994 (JA)                              7

Corp., 722 F.2d 922, 930-31 (1st Cir. 1983)); Velázquez Casillas v. Forest Lab., Inc., 90 F. Supp. 2d 161, 163 (D.P.R. 2000). Any statement of fact provided by any party which is not supported by citation to the record may be disregarded by the court, and any supported statement which is not properly presented by the other party shall be deemed admitted. See Local Rule 56(e). Failure to comply with this rule may result, where appropriate, in judgment in favor of the opposing party. Morales v. A.C. Orssleff's EFTF, 246 F.3d at 33; Stepanischen v. Merch. Despatch Transp. Corp., 722 F.2d at 932.

### III. Analysis

The defendant claims that the plaintiff should have her federal claims dismissed as she failed to properly and timely file her claims after receiving the EEOC's right-to-sue notice. Specifically, the record indicates that the EEOC issued a "Notice of Right to Sue" on May 8, 2009. (Docket No. 35-10.) The notice states that the plaintiff must file a claim in federal court "within 90 days" on her Title VII and ADA claims. (Docket No. 35-10.) The record further indicates that the plaintiff filed her complaint on September 29, 2009, some 144 days later. The defendant thus concludes that "[the plaintiff's] claims . . . are time barred[.]" (Docket No. 33, at 4.)

Title VII of the Civil Rights Act of 1964 requires plaintiffs, before beginning a federal lawsuit, "to file a timely charge of discrimination with the Equal

CIVIL 09-1994 (JA)                              8

Employment Opportunity Commission (EEOC)." Lewis v. City of Chi., Ill., 130 S. Ct. 2191, 2195 (2010) (citing 42 U.S.C. § 2000e-5(e)(1)).  Under Title VII, 42 U.S.C. § 2000e-5(e)(1)[3], "a . . . plaintiff is required to file an administrative charge with the EEOC within either 180 or 300 days after the 'alleged unlawful employment practice occurred.'"  Frederique-Alexandre v. Dep't of Natural & Envtl. Res., 478 F.3d 433, 437 (1st Cir. 2007).  The filing of an administrative charge affords the EEOC an opportunity to promote the settlement of a dispute before the parties resort to litigation.  See Patterson v. McLean Credit Union, 491 U.S. 164, 180-81 (1989); Thornton v. United Parcel Serv., Inc., 587 F.3d 27, 31 (1st Cir. 2009.)  A Title VII plaintiff must file suit within 90 days upon actual receipt of the right-to-sue notice by the EEOC.  See 42 U.S.C. § 2000e-5(f)(1); see also Chico-Vélez v. Roche Prod., Inc., 139 F.3d 56, 58 (1st Cir. 1998); Vargas-Cabán v. Sally Beauty Supply Co., 476 F. Supp. 2d 109, 113 (D.P.R. 2007).  "A plaintiff must exhaust his administrative remedies, including EEOC procedures, before proceeding under Title VII in federal court."  Frederique-Alexandre v. Dep't of Natural & Envtl. Res., 478 F.3d at 440 (citing Lebrón-Ríos v. U.S. Marshal Serv., 341 F.3d 7, 13 (1st Cir. 2003)).

---

[3]Puerto Rico is considered a "deferral jurisdiction," and thus an administrative charge must be filed within 300 days. See Rivera v. P.R. Aqueduct & Sewers Auth., 331 F.3d 183, 188 (1st Cir. 2003); Ayala-González v. Toledo-Dávila, 623 F. Supp. 2d 181, 186 n.3 (D.P.R. 2009).

CIVIL 09-1994 (JA)                                        9

As stated, the defendant takes issue with the plaintiff's five-month delay in filing suit in this court. The plaintiff appears[4] to allege that she did not receive her notice of right to sue until September 10, 2008, presumed as 2009, (Docket No. 43, at 5, ¶ 9), which reduces the period between receiving her notice and filing this action to 19 days. Thus, there is a disagreement between the parties as to the plaintiff's actual or constructive date of receipt of the right-to-sue notice. "Federal Rule 6(e) provides that '[w]henever a party must act within a prescribed period after service is made [by mail], 3 days are added after the prescribed period would otherwise expire.'" Vargas-Cabán v. Sally Beauty Supply Co., 476 F. Supp. 2d at 113. And in such cases, "in which the date of receipt is either disputed or cannot be established, Rule 6 creates a presumption that the communication was received by plaintiff three days after it was issued by the EEOC." Id. at 114 (quoting Sánchez-Ramos v. P.R. Police Dep't, 392 F. Supp. 2d 167, 175 (D.P.R. 2005) (quoting Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 (1984)). This makes sense, as the EEOC sends its decisions by first class mail. 29 C.F.R. § 1614.405(a) ("The [EEOC's] decision shall reflect the date of its issuance, inform the complainant of his or her civil action rights, and be transmitted to the complainant and the agency by first class mail."). The record

---

[4] The plaintiff alleges in the complaint that she did not receive the right-to-sue notice until "September 10, 2008[,]" which contradicts the EEOC letter before the court. (Docket No. 1, at 2, ¶ 3.)

CIVIL 09-1994 (JA)                              10

indicates that the EEOC mailed the right-to-sue notice on May 9, 2009, and thus I presume that the plaintiff received her right-to-sue notice on May 12, 2009. The time between then and plaintiff's filing of her complaint would be reduced to 141 days under this rule. This is still considerably beyond the scope of the time-frame permitted by Congress. The rule is firm. See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. at 152 ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

The plaintiff attempts to avoid this procedural bar by claiming that the defendant's behavior amounts to a "continuous violation." Plaintiff allegedly continues to endure the same disparate treatment and discriminatory conduct, and therefore her discrimination claims "include[] all of the Defendant's discriminatory and retaliatory conduct, as a continuous violation of Title VII." (Docket No. 44, at 7.)

There are two doctrines or theories for Title VII employment discrimination cases, one for claims arising from "discrete" discriminatory acts and another for "hostile environment claims" whose "very nature involves repeated conduct." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002). Our circuit court recognizes two types of continuing violations: serial violations and systemic violations. Thornton v. United Parcel Serv., Inc., 587 F.3d at 33. "A party

CIVIL 09-1994 (JA) 11

alleging employment discrimination may, in appropriate circumstances, file suit based on events that fall outside the applicable statutes of limitation. Id. at 116-17; Ocean Spray Cranberries, Inc. v. Mass. Comm'n Against Discrimination, 441 Mass. 632, 808 N.E.2d 257, 266-67 (2004). Under the 'continuing violation' doctrine, a plaintiff may obtain recovery for discriminatory acts that otherwise would be time-barred so long as a related act fell within the limitations periods." Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 130 (1st Cir. 2009). The continuing violation doctrine is inapplicable to "'discrete acts' of alleged discrimination that occur on a 'particular day,' but only to discriminatory conduct that takes place 'over a series of days or perhaps years.'" Tobin v. Liberty Mut. Ins. Co., 553 F.3d at 130 (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 115); (quoting Cherosky v. Henderson, 330 F.3d 1243, 1246 (9th Cir. 2003) (finding that Morgan, in substantially limiting the continuous violation doctrine, "makes clear that claims based on discrete acts are only timely where such acts occurred within the limitations period . . . .")); see Díaz-Ortiz v. Díaz-Rivera, 611 F. Supp. 2d 134, 142 (D.P.R. 2009). The Supreme Court listed some examples of discrete acts: "termination, failure to promote, denial of transfer, or refusal to hire . . . ." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 114; see also O'Conner v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006) (finding that the following list can be extracted from Nat'l R.R. Passenger Corp. v. Morgan: "termination, failure

CIVIL 09-1994 (JA)                                     12

to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, wrongful accusation").

"The classic example of a continuing violation [case] is a hostile work environment, which 'is composed of a series of separate acts that collectively constitute one "unlawful employment practice."'" Tobin v. Liberty Mut. Ins. Co., 553 F.3d at 130 (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 117 (quoting 42 U.S.C. § 2000e-5(e)(1)). For this reason, "'hostile work environment claims "cannot be said to occur on any particular day,"' because 'the actionable wrong is the environment, not the individual acts that, taken together, create the environment.'" Tobin v. Liberty Mut. Ins. Co., 553 F.3d at 130 (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 115-16)

The plaintiff attempts to convince the court that her supervisor's conduct qualifies as "continuous violation." She lists that her supervisor, *inter alia*, ordered that plaintiff "undergo a psychiatric evaluation, refus[ed] to allow [her] to attend seminars and trainings, [and] submitt[ed] her to various . . . verbal and written disciplinary measures . . . . " (Docket No. 43-1, at 1-2, ¶ 5.) But what plaintiff enumerates, if taken as true, are discrete acts of actionable wrongs performed on multiple occasions. As to serial violations, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for

filing charges alleging that act." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 113, quoted in Rodríguez-Torres v. Gov't Dev. Bank of P.R., 704 F. Supp. 2d 81, 95 (D.P.R. 2010); see Thornton v. United Parcel Serv., Inc., 587 F.3d at 33; see also Bazemore v. Friday, 478 U.S. 385, 395 (1986) ("Each week's paycheck that delivers less to a black than to a similarly situated white is a wrong actionable under Title VII . . . ."). The proffered instances of discrimination are all distinct and separate from one another. Successive requests for the same accommodation, or flowing from the same violation, yield separate actionable claims. See Tobin v. Liberty Mut. Ins. Co., 553 F.3d at 131 (citing, e.g., Cherosky v. Henderson, 330 F.3d at 1247-48). For a continuing violation to occur, "the acts before and after the limitations period [must be] similar in nature, frequency, and severity that they must be considered to be part and parcel of the hostile work environment that constituted the unlawful employment practice that gave rise to [the] action." Rowe v. Hussmann Corp., 381 F.3d 775, 781 (8th Cir. 2004) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 107). Finally, "when an employee alleges 'serial violations', i.e., a series of actionable wrongs, a timely EEOC charge must be filed with respect to each discrete alleged violation." Thornton v. United Parcel Serv., Inc., 587 F.3d at 33 (citing Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 639 (2007)). Plaintiff's EEOC claim of May 20, 2008 alleges discrimination because of the denial of her request for anticipated

CIVIL 09-1994 (JA)                              14

license at her job.  Even giving a liberal interpretation to the letter attached to her claim, and notwithstanding the claim's alleging continuing action, the evidence of a serial violation is too ethereal to be considered under the focal lens of a continuing violation.  Because plaintiff has not presented evidence which would satisfy this standard, I do not find that plaintiff was subjected to a continuing violation of her right to be free from a hostile work environment.

Laches and Estoppel

The plaintiff also argues that even if she failed to timely file her claims, the doctrines of laches and estoppel should bar summary judgment.  Because "[the] Defendant failed to pursue [its] claim of untimeliness diligently . . . [the] Plaintiff would be prejudiced if made to defend against it."  (Docket No. 44, at 8.)

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); see McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004) (citing In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir.1988) ("It is black-letter law that a federal court has an obligation to inquire … into its own subject matter jurisdiction.") Since the 90-day filing restriction is jurisdictional, I can hardly disregard it lightly.  See, e.g., Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 109 (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 825 (1980) (finding that Congress,"[b]y choosing what are obviously quite short deadlines . . . clearly intended to encourage the prompt

CIVIL 09-1994 (JA)                              15

processing of all charges of employment discrimination.")).  While plaintiff may find a degree of skullduggery in the timely (but not early) defense of limitations, the defendant can hardly be accused of having unclean hands in the timing of the announcement of a defense.  Plaintiff's laches argument is wholly undeveloped.  Thus, the plaintiff's defense of laches is denied.

The plaintiff also submits that estoppel precludes summary judgment.  She attempts to persuade the court that the doctrine is applicable in the instant case, since the defendant allegedly had knowledge of this procedural deficiency at the outside. (Docket No. 44, at 14.)  The plaintiff thus concludes that the defendant should be estopped from bringing the argument that the claim is time barred.

The Supreme Court has held that EEOC discrimination suits are "subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  "This Circuit has taken a '"narrow view" of equitable exceptions to Title VII' exhaustion requirements.'" Frederique-Alexandre v. Dep't of Natural & Envtl. Res., 478 F.3d at 440 (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 185 (1st Cir. 1989)).  The First Circuit has held that these equitable exceptions should be used sparingly, "'reserved for exceptional cases,' . . . and permitted 'only where the employer has actively misled [an] employee.'" Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 46 (1st Cir.

CIVIL 09-1994 (JA) 16

2005) (quoting Chico-Vélez v. Roche Prods., Inc., 139 F.3d at 58-59; (quoting Thomas v. Eastman Kocak Co., 183 F.3d 38, 53 (1st Cir. 1999)).

The plaintiff has not alleged any circumstances that would give rise to an equitable exception. The only alleged malfeasance on the part of the defendant is that it was dilatory in bringing the present motion. This argument is also undeveloped. Nor is the argument sufficient that plaintiff and the court may equally judge the defendant's conduct. ("The court is in equal terms as Plaintiff to determine why Defendant decided to observe this conduct, so Plaintiff will not elaborate why.") (Docket No. 44, at 14.) "In the absence of a recognized equitable consideration, the limitation period cannot be extended by even one day." Jones v. City of Somerville, 735 F.2d 5, 8 (1st Cir. 1984) (citing Rice v. New England Coll., 676 F.2d 9, 11 (1st Cir. 1982)). Plaintiff's estoppel argument also lacks merit.

Supplemental Claims

The plaintiff invokes the court's supplemental jurisdiction to assert claims under Puerto Rico's anti-discrimination statute, P.R. Laws Ann. tit. 1, § 501 et seq., and Articles 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. It is well-settled that "[u]nder 28 U.S.C. § 1367, '[a] district court may decline to exercise supplemental jurisdiction' if 'the district court has dismissed all claims under which it has original jurisdiction.'" González-de-Blasini v. Family

CIVIL 09-1994 (JA)                               17

Dep't, 377 F.3d 81, 89 (1st Cir. 2004) (quoting 28 U.S.C. § 1367(c)[3]) and (citing Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 104 (1st Cir. 2004)). "Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs., 383 U.S. 715, 726 (1966). Therefore, having dismissed the federal claims before trial, the court will not retain jurisdiction over plaintiff's supplemental state law claims.

## IV.  Conclusion

For the reasons stated above, the defendant's motion for summary judgment on the plaintiff's Title VII claims is GRANTED. The plaintiff has failed to provide evidence that she timely filed her claims. Nor has the plaintiff provided any additional evidence that she was subject to a hostile work environment such that she may properly invoke the continuing violation doctrine. Finally, the plaintiff has not provided sufficient evidence to illustrate why the doctrine of laches or estoppel are applicable in this case. Because the plaintiff's federal claims are properly dismissed, this court will not retain supplemental jurisdiction. Therefore, the defendant's motion for summary judgment is GRANTED.

The Clerk is directed to enter judgment dismissing the complaint.

In San Juan, Puerto Rico, this 24th day of March, 2011.

                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge